THOMPSON, Presiding Judge,
concurring in part and concurring in the result.
While serving as a member of the Juvenile Code Revision Committee, I voiced my opposition to the committee’s proposed revisions to § 12-15-32(a), Ala.Code 1975, which dealt with the retention and termination of the juvenile court’s jurisdiction.[1] The committee ultimately adopted those proposed revisions, and the legislature incorporated them in the new juvenile code.
As the main opinion states, the prior law provided that a juvenile court, once it had properly obtained jurisdiction in any case involving a child, would retain jurisdiction over that case until the child reached 21 years of age, unless jurisdiction was terminated earlier by an order of the juvenile court. W.B.G.M. v. P.S.T., 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing §§ 12-15-32(a) and 26-17-10(e), Ala.Code 1975). The new law provides that the juvenile court will retain jurisdiction over only those cases in which a child has been found to be dependent, in need of supervision, or delinquent.[2] After reviewing this case, my opinion remains unaltered with regard to those revisions. The changes in the retention law affect cases like paternity cases, in which issues of custody, visitation, and child support are routinely decided.
This case illustrates the effect of the revisions in a “real-life” setting. In the present appeal, the juvenile court that has presided over the case has more familiarity with the history of the case, the parties involved, and the issues to be addressed than does any other court. Any custody orders to be modified would be those that *632 the juvenile court initially entered. That court also would be in a superior position to know what is in the best interest of the children. Yet the new law dictates that it no longer has jurisdiction over the case. The parties are left to practically start anew before another judge. I believe the better practice would be to leave the case in the court of its origin.
I must, however, concur with that portion of the main opinion holding that the juvenile court erred in exercising jurisdiction over the mother’s complaint. It is the duty of the legislature to enact the laws and the duty of the courts to apply those laws as written. I concur in the result with the remainder of the majority opinion.

. Section 12-15-32 has been amended and renumbered as § 12-15-117, Ala.Code 1975.

. Section 12-15-117(c) also provides that the juvenile court retains jurisdiction “over an individual of any age for the enforcement of any prior orders of the juvenile court requiring the payment of fines, court costs, restitution, or other money ordered by the juvenile court until paid in full."